# IN THE UNITED STATES DISTRICT COURT FOR THE
# WESTERN DISTRICT OF MISSOURI
# SOUTHERN DIVISION

| | |
|---|---|
| LARRY E CLAYTON, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Case No. 6:19-03331-CV-RK |
| | ) |
| NELNET SERVICING, LLC, et al., | ) |
| | ) |
| Defendants. | ) |

## ORDER GRANTING IN PART AND DENYING IN PART
## PLAINTIFF'S MOTION TO AMEND THE SCHEDULING ORDER

Before the Court is Plaintiff's motion to amend the scheduling and trial order. (Doc. 53.) Defendant has filed suggestions in opposition (Doc. 56) within a shortened timeframe as agreed by the parties and ordered by the Court (Doc. 54). The motion is ready for decision. After careful consideration, and for the reasons below, the motion is **GRANTED in part** and **DENIED in part**. Specifically, the Court will allow a 14-day extension of the deadlines to seek leave to add parties and amend the Complaint and a 45-day extension of Plaintiff's expert designation deadline.

The Complaint alleges that Defendants Nelnet, Inc., and Nelnet Servicing, LLC (collectively, "Nelnet") violated the Fair Credit Reporting Act ("FCRA"), the Fair Debt Collection Practices Act ("FDCPA"), and state law by attempting to collect a student loan from him and inaccurately reporting the debt. Plaintiff seeks a declaratory judgment and damages on the ground that, although Nelnet produced a note bearing his typewritten name as a guarantor, he did not authorize this endorsement. He also claims Nelnet unlawfully continued to attempt collection from him personally after he demanded verification of the debt and directed Nelnet to communicate with him through his lawyer.[1]

Plaintiff seeks to extend all scheduling order deadlines by 90 days. He argues that he has recently discovered new information regarding Nelnet's connection with the U.S. Department of Education regarding the student loan that will require additional depositions, further consultations with potential experts, and potentially adding the U.S. Department of Education as a party to this case. Nelnet opposes Plaintiff's motion on the ground that Plaintiff has not shown good cause to

---

[1] The Complaint also alleges claims against various credit reporting agencies, whom Plaintiff asserts anticipate being dismissed from this case with prejudice and take no position on the present motion.

extend all scheduling order deadlines by 90 days and because Plaintiff has known for some time that Nelnet is merely a servicer of the loan, for which the U.S. Department of Education is the lender.

"The primary measure of good cause is the movant's diligence in attempting to meet the order's requirements." *Sherman v. Winco Fireworks, Inc.*, 532 F.3d 709, 716 (8th Cir. 2008) (quotation marks and citation omitted). After careful consideration, the Court finds that Plaintiff has shown good cause to extend the deadlines to seek leave to join parties and amend the Complaint and Plaintiff's deadline to designate experts. Although perhaps Plaintiff could have known sooner that he might wish to add the U.S. Department of Education as a party, a review of the Court's file does not reveal a lack of diligence by Plaintiff in pursuing discovery in this case. However, Plaintiff has not shown why he believes the discovery deadline (which is July 3, 2020) or any other deadlines should be extended, and the Court does not find good cause for a 90-day extension. At the present time, the Court will allow a 14-day extension of the deadlines to seek leave to add parties and amend the Complaint and a 45-day extension of Plaintiff's expert designation deadline. The Court will also allow a reasonable extension of the deadline to depose Plaintiff's experts, as the parties agree is appropriate.

Accordingly, the Court **ORDERS** as follows:

1. Plaintiff's motion to amend the scheduling order is **GRANTED in part** and **DENIED in part**. Specifically, the Court will allow a 14-day extension of the deadlines to seek leave to add parties and amend the Complaint and a 45-day extension of Plaintiff's expert designation deadline.
2. The Court directs the parties to submit a joint proposed second amended scheduling order by March 17, 2020.

**IT IS SO ORDERED.**

                                              s/ Roseann A. Ketchmark
                                              ROSEANN A. KETCHMARK, JUDGE
                                              UNITED STATES DISTRICT COURT

DATED: March 10, 2020